IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Charles Barksdale, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   15 C 507 |
| CACH, LLC, a Colorado limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Charles Barksdale, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) many of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Charles Barksdale ("Barksdale"), is a citizen of the State of Florida, from whom Defendant attempted to collect a delinquent consumer debt that he allegedly owed for a Citibank account, despite the fact that he had exercised his rights under the FDCPA to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with

Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, CACH, LLC ("CACH"), is a Colorado limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. CACH operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant CACH was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant CACH is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

6. Defendant CACH is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant CACH conducts business in Illinois.

7. Moreover, Defendant CACH is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant CACH acts as a debt collection agency in Illinois.

**FACTUAL ALLEGATIONS**

8. Mr. Barksdale is a senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he allegedly owed for a Citibank credit card account. At some point in time after that debt became delinquent, Defendant CACH bought/obtained Mr. Barksdale's alleged Citibank debt, and when Defendant began

trying to collect this debt from him, he sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant's collection actions.

9. Specifically, Defendant CACH had another debt collector, Financial Recovery Services ("FRS"), demand payment of the Citibank debt from Mr. Barksdale, which did so by sending him collection letters dated August 3, 2011, September 6, 2011 and October 6, 2011. Copies of these letters are attached as Group Exhibit C.

10. Accordingly, on October 24, 2011, one of Mr. Barksdale's attorneys at LASPD informed Defendant CACH through its agent, FRS, that Mr. Barksdale was represented by counsel, and directed Defendant CACH to cease contacting him, and to cease all further collection activities because Mr. Barksdale was forced, by his financial circumstances, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Nonetheless, Defendant CACH had FRS send Mr. Barksdale additional collection letters, dated October 26, 2011 and December 13, 2011, demanding payment of the Citibank South Dakota debt. Copies of these collection letters are attached as Group Exhibit E.

12. Accordingly, on February 5, 2012, Mr. Barksdale's LASPD attorney had to send Defendant CACH yet another letter, directing it to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit F.

13. Undeterred, Defendant CACH then had another debt collector, First Step Group, send Mr. Barksdale yet another collection letter, dated October 3, 2014, demanding payment of the Citibank debt. A copy of this collection letter is attached as

Exhibit G.

14. Accordingly, on November 24, 2014, Mr. Barksdale's LASPD attorney had to send Defendant CACH yet another letter, directing it to cease communications and to cease collections. Copies of this letter and fax confirmation are attached as Exhibit H.

15. Defendant's collection actions complained of herein (Exhibit G) occurred within one year of the date of this Complaint.

16. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA -- Failure To Cease Communications And Cease Collections

17. Plaintiff adopts and realleges ¶¶ 1-16.

18. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

19. Here, the letters from Mr. Barksdale's agent/attorney, LASPD, told Defendant CACH to cease communications and cease collections (Exhibits D and F). By continuing to communicate regarding this debt and demanding payment Exhibit G), Defendant CACH violated § 1692c(c) of the FDCPA.

20. Defendant CACH's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

4

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

21. Plaintiff adopts and realleges ¶¶ 1-16.

22. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

23. Defendant CACH knew, or readily could have known, that Mr. Barksdale was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant, in writing, that Mr. Barksdale was represented by counsel, and had directed a cessation of communications with Mr. Barksdale (Exhibits D and F). By directly sending Mr. Barksdale a collection letter (Exhibit G), despite being advised that he was represented by counsel, Defendant CACH violated § 1692c(a)(2) of the FDCPA.

24. Defendant CACH's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Charles Barksdale, prays that this Court:

1. Find that Defendant CACH's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Barksdale, and against Defendant CACH, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Charles Barksdale, demands trial by jury.

                                                    Charles Barksdale,

                                                    By: /s/ David J. Philipps
                                                    One of Plaintiff's Attorneys

Dated: January 20, 2015

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com